By the Court.
Where a general plan of uniform restrictions has been adopted by the owners of an allotment, and such a plan publicly and gen *84 erally advertised, and the owners covenant that all sales of lots in that allotment will be made subject to these restrictions, which restrictions shall be for the protection of every other person who may become the owner of a lot in that allotment, as well as the grantors, such restrictive covenants may be enforced by injunction.
Before such restrictions can be enforced against a purchaser whose deed does not contain such restrictions, it must clearly appear by the evidence, that there was such a general plan of uniform restrictions upon all the lots in the allotment; that the deeds for lots in such allotment uniformly contained such restrictions; and that the purchaser had knowledge of such general plan of uniform restrictions at the time he purchased his lot.
Where it appears from the evidence in a suit to enforce restrictions not contained in his deed, against a purchaser of a lot in an allotment, that 79 lots out of a total of 143 lots in the allotment contained no such restrictive covenants in accordance with the plan of uniform restrictions averred in the petition, an injunction will be refused, regardless of the fact that when some of these deeds were executed a private agreement was made between the owners of the allotment and the purchaser of the lot that when the purchaser conveyed the same to another person he would write into the deed of conveyance restrictions in conformity with the general plan.
Evidence that a lot owner in an allotment notified a proposed purchaser of a lot in the same allotment, that the use of the lot he proposed to purchase was restricted to single residence purposes only, *85 does not sustain an allegation of the petition that the purchaser was notified before purchasing the lot of a general plan of uniform restrictions upon every lot in the entire allotment.
Such evidence does not charge a purchaser with notice that like restrictions are contained in the deeds of other purchasers of lots in the allotment, or that such restrictions are for the benefit of the owners of the other lots therein. Kiley v. Hall, 96 Ohio St., 374.
If, however, such notice were sufficient to put the purchaser upon inquiry, his examination of the deed records of Cuyahoga county would have disclosed that of the 143 lots in this allotment 37 had been conveyed to Annie B. Helwick, 27 to Don S. Helwick, 12 to I.I. Elworthy, 2 to Edward J. Gillespie, and 1 to Albert J. Labarge, by deeds containing' no restrictions whatever as to their use or the nature of the buildings that might be erected thereon, and that the deed to this lot in question from the owners of this allotment to his immediate predecessor in title contained the restriction that ‘‘said premises shall be used only for residence and mercantile purposes.”
There being no conflict in the evidence in reference to these facts judgment of the court of appeals is reversed, and judgment rendered for plaintiff in error.

Judgment reversed, and judgment for plaintiff in error.

Wanamaker, Jones, Matthias and Donahue, JJ., concur.